UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CASEY J. O'CONNELL, and BECKY A. O'CONNELL,

Plaintiffs,

v.

JP MORGAN CHASE BANK, N.A.; LA SALLE BANK, N.A.; WASHINGTON MUTUAL BANK, F.A.; CALIFORNIA RECONVEYANCE COMPANY; DOE INDIVIDUALS I-X; ROE COMPANIES I-X,

Defendants.

3:11-cv-00685-RCJ-WGC

**ORDER**

Currently before the Court is Plaintiffs Casey and Becky O'Connells' Motion to Remand (#7). The Court heard oral argument on March 19, 2012.

**BACKGROUND**

On March 26, 2007, Plaintiffs Casey and Becky O'Connell ("Plaintiffs") executed a "Note" payable to Defendant Washington Mutual Bank, F.A. ("Washington Mutual"), which was secured by a deed of trust for property located at 12385 Ocean View Drive, Sparks, Nevada 89436 ("the Property"). (Am. Compl. (#1) at ¶¶ 10-11). Defendant California Reconveyance Company ("CRC") was listed as the trustee. (*Id.*) Defendant JP Morgan Chase Bank, N.A. ("JP Morgan") is the successor-in-interest to Washington Mutual. (*Id.* at ¶ 13).

On December 3, 2008, JP Morgan executed an "Assignment of the Deed of Trust," naming Defendant LaSalle Bank, N.A. ("LaSalle") as the beneficiary of the deed of trust. (*Id.*) On the same date, CRC filed a "Notice of Default" with the Washoe County Recorder.

(*Id.* at ¶ 15). Subsequently, CRC filed three "Notices of Trustee's Sale" with the Washoe County Recorder on March 6, 2009, March 30, 2009, and June 10, 2011. (*Id.* at ¶¶ 18-20).

Plaintiffs filed an Amended Complaint in Nevada state court against Defendants, alleging unlawful or fraudulent foreclosure, and seeking declaratory and injunctive relief preventing the Trustee's sale from going forward on September 13, 2011. (Am. Compl. (#1) at ¶¶ 28-47). CRC removed the case to federal court on September 22, 2011. (Pet. for Removal (#1)). On October 25, 2011, Plaintiffs moved to remand the case to state court. (Mot. to Remand (#7)). CRC filed its opposition to the motion to remand on November 14, 2011. (Opp'n (#9)). Plaintiffs filed their reply on December 5, 2011. (Reply (#10)).

**LEGAL STANDARD**

Removal may be challenged by a motion to remand. 28 U.S.C. § 1447(c); *Arco Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality,* 213 F.3d 1108, 1113 (9th Cir. 2000). A defendant may remove any case that could originally have been brought in federal court. 28 U.S.C. § 1441(a). The removing party has the burden to prove removal was proper by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate If Lhotka,* 599 F.3d 1102, 1106-07 (9th Cir. 2010). The removal statutes are strictly construed and any doubts concerning the right of removal must be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 f.2d 564, 566 (9th Cir. 1992). Remand is warranted where the court lacks subject matter jurisdiction or there is a defect in th removal procedure. *Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.,* 443 F. 2d 676 (9th Cir. 2006).

Federal courts have subject matter jurisdiction over all claims that "arise under" the Constitution and laws of the United States, and all claims between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1331; 28 U.S.C. § 1332(a). Generally, the "well-pleaded" complaint must present a federal question on its face to provide subject matter jurisdiction under 28 U.S.C. § 1331. *Rivet v. Regions Bank,*

522 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L.Ed.2d 912 (1998). A federal defense to a state law claim does not provide subject matter jurisdiction. *Id.*

Finally, the "unanimity rule" requires that all properly served or joined defendants join or consent in the removal petition. 28 U.S.C. § 1446(b)(2)(A); *see also Destifino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). The removing party has the burden to explain the absence of co-defendants who have not joined or consented to the removal petition. *Prize Frize, Inc.*, 167 F.3d at 1266.

**DISCUSSION**

**I. Diversity Jurisdiction**

**A. Complete Diversity**

Plaintiffs argue that remand is warranted because this Court lacks diversity jurisdiction since both Plaintiffs and Ticor Title of Nevada, Inc. ("Ticor Title") are citizens of Nevada. (Mot. to Remand (#7) at 4). Title 28 U.S.C. § 1332(a) requires "complete diversity," such that no defendant is a citizen of the same state as any plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L.Ed.2d 274 (1978).

The fact that Ticor Title is a Nevada resident does not defeat complete diversity because it was not named as a defendant in this action. *See* (Am. Compl. (#1)). Although Ticor Title may be included in the "Roe" companies that Plaintiffs allege claims against, Plaintiffs have not amended their complaint to formally add Ticor Title as a defendant, *see (id.)*, and "the citizenship of defendants sued under fictitious names" is disregarded when determining whether a civil action is removable on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(1). The four corporate defendants named in the complaint, JP Morgan, LaSalle, Washington Mutual, and CRC, are citizens of Ohio, Illinois, Washington, and California, respectively. *See* (Pet. For Removal (#1) at ¶ 11). Therefore, there is complete diversity between the parties.

/////

/////

**B. Amount in Controversy**

Plaintiffs next argue that this Court lacks diversity jurisdiction because the amount in controversy is less than $75,000. (Mot. to Remand (#7) at 6). As the removing party, CRC must prove by a preponderance of the evidence that the amount in controversy is met. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443, 53 L.Ed.2d 383 (1977).

Plaintiffs argue that the amount in controversy is less than $75,000 because they seek to prevent a wrongful foreclosure and not to quiet title in the property. (Mot. to Remand (#7) at 6). Regardless of Plaintiffs' intentions, the Property is the object of this litigation because Plaintiffs seek to keep the Property by asking for declaratory and injunctive relief preventing the defendants from foreclosing. *See* (Am. Compl. (#1) at ¶¶ 36, 40). A court may look to either the value of the indebtedness or the fair market value of the property to determine the amount in controversy in foreclosure claims. *Ngoc Nguyen v. Wells Fargo Bank, N.A.,* 749 F. Supp. 2d 1022, 1028-29 (N.D. Cal. 2010). Under either approach, the amount in controversy is met. CRC presented evidenced that the fair market value of the Property is $714,492.00, (Opp'n (#9) at Ex. A at 5), and the amount of the loan is $572,393.00. (*Id.* at Ex. B at 4). Therefore, the amount in controversy exceeds $75,000. Accordingly, this Court denies the motion to remand.

**II. Federal Question Jurisdiction**

Plaintiffs argue that remand is warranted because there is no federal question in the complaint supporting the exercise of federal question jurisdiction under 28 U.S.C. § 1331. (Mot.to Remand (#7) at 2-4). "To determine whether the claim arises under federal law, we examine the 'well-pleaded' allegations of the complaint and ignore potential defenses. . . ." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062, 156 L.Ed.2d 1 (2003). A claim arises under federal law if the right to relief "requires resolution of a substantial question of federal law . . . ." *Franchise Tax Bd. v. Constr. Laborers Vacation*

*Trust*, 463 U.S. 1, 13, 103 S. Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). A state-law claim may also "arise under" federal law when it has been completely pre-empted by a federal law. *Beneficial Nat'l Bank,* 539 U.S. at 8, 123 S. Ct. At 2063.

Plaintiffs are correct that there is no federal question in the complaint. Plaintiffs' general references to "DUE PROCESS" and violations of rights concern Article 1, Section 1 of the Nevada Constitution, *see* (Am. Compl. (#1) at ¶¶ 26, 42), and not the Fifth and/or Fourteenth Amendments of the United States Constitution or 42 U.S.C. § 1983, as CRC claims. (Opp'n (#9) at 4-5). Furthermore, Plaintiffs never directly reference 42 U.S.C. § 1983, nor allege any wrongdoing by a state or government actor. *See* (Am. Compl. (#1)). Therefore, there is no federal question on the face of Plaintiffs' complaint.

Neither do Plaintiffs' claims require interpretation of a "substantial federal question." The material issue in Plaintiffs' unlawful foreclosure claim under Nevada law is "whether the trustor was in default when the power of sale was exercised." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). This issue requires determining whether Plaintiffs owed a duty to the foreclosing defendants. *Id.* Whether Plaintiffs owed a duty depends on whether the foreclosing defendants complied with the procedural requirements set forth in Nevada's foreclosure statutes. *See* NRS § 107.070 *et seq.* Furthermore, whether Plaintiffs are entitled to declaratory and injunctive relief depends on Plaintiffs' likelihood of success on the merits of their unlawful foreclosure claim. None of this requires interpretation of a "substantial federal question" because it does not implicate federal law.

Finally, Plaintiffs' unlawful foreclosure claim is not completely pre-empted by federal law. The federal mortgage statutes and National Bank Act do not completely pre-empt state mortgage and foreclosure actions. *See* 12 U.S.C. §§ 3751-3768; *Viets v. Wachovia Mortg., FSB,* No. 2:11-cv-00169-GMN-RJJ, 2011 WL 6181934, at *4 (D. Nev. Dec. 12, 2011) (holding that the National Bank Act only pre-empts foreclosure claims that impose new requirements on the lender). Therefore, pre-emption is, at most, a defense available to the defendants and does not confer subject matter jurisdiction supporting removal to

federal court. *See Rivet,* 522 U.S. at 475, 118 S. Ct. At 925. Although there is no federal subject matter jurisdiction, this Court denies the motion to remand because this Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

**III. Procedural Defects**

Plaintiffs argue that remand is warranted because the case was improperly removed since all of the defendants did not consent or join in the removal. (Mot. to Remand (#7) at 5). The "unanimity rule" requires that all defendants must either consent or join in the petition for removal. 28 U.S.C. § 1446(b)(2)(A); *Knutson v. Allis-Chalmers Corp.,* 358 F. Supp. 2d 983, 990 (D. Nev. 2005). The removing party has the burden to affirmatively explain the absence of any defendants who did not join or consent in the petition for removal. *Prize Frize, Inc.,* 167 F.3d at 1266. However, the unanimity rule only applies "to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

CRC has affirmatively explained that its failure to join the other defendants was because none of the other defendants were properly served prior to CRC's petition for removal. (Opp'n (#9) at 7, n.2-3). Plaintiffs have not presented any evidence that the other defendants were properly served. *See* (Mot. to Remand (#7)); (Reply (#10)). Therefore, the removal was not procedurally defective. Accordingly, this Court denies the motion to remand.

**IV. Abstention**

Finally, Plaintiffs argue that even if this Court has subject matter jurisdiction, it should abstain under *R.R. Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496, 61 S. Ct. 643, 85 L.Ed.2d 971 (1941), because unlawful foreclosure is a novel issue of Nevada state law given the recently enacted Assembly Bill 284. (Mot. to Remand (#7) at 7-8); (Reply (#10) at 3-7). Assembly Bill 284 increases civil liability for mortgagors and trustees who fail to comply with the statutory requirements for recording assignments of deeds of trusts. A.B. 234, 76th Reg. Sess. (Nev. 2011). The amendments are not retroactive and only apply to assignments recorded on or after July 1, 2011. *Id.*

*Pullman* "[a]bstention is appropriate in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 814, 96 S. Ct. 1236, 1244, 47 L.Ed.2d 483 (1976) (quotations omitted). Generally, abstention is required if: (1) the federal court can avoid analyzing a "sensitive area" of state social policy; (2) the federal constitutional question will be mooted if the state court issues a determinative finding on the state law issue; and (3) "the possibly determinative issue of state law is doubtful." *Knudsen Corp. v. Nev. State Dairy Comm'n*, 676 F.2d 374, 377 (9th Cir. 1982).

*Pullman* abstention is not appropriate in this case. First, Plaintiffs' complaint does not present a federal constitutional question. *See* (Am. Compl. (#1)). Second, the law of foreclosure is generally settled in Nevada. The new bill Plaintiffs cite to basically increased existing remedies and penalties already available to those whose homes were wrongfully foreclosed on and, therefore, does not create new law or unsettle existing law. *See* A.B. 234. Finally, even if the bill creates a sensitive area of social policy in Nevada, the amended statute is inapplicable to Plaintiffs' claims because it only applies to documents filed after July 1, 2011, *see* A.B. 284, and the last "Notice of Trustee's Sale" was filed on June 10, 2011. (Am. Compl. (#1) at ¶ 20). Accordingly, this Court declines to abstain and denies the motion for remand.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion to Remand (#7) is DENIED.

DATED: This 11th day of May, 2012.

United States District Judge